**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brandon M. HOLLYWOOD, also known as Swap, also known as Earl, Defendant–Appellant.**

No. 04–10277.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 5, 2004.

Michael Gill, Dallas, TX, for Plaintiff–Appellee.

Francisco Hernandez, Jr., Francisco Hernandez Law Firm, Fort Worth, TX, for Defendant–Appellant.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Brandon M. Hollywood appeals his guilty plea conviction and sentence for aiding and abetting the distribution of and distributing less than five grams of crack cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

Hollywood contends that the district court erred when it denied his motion to withdraw his guilty plea. "[A] district court may, in its discretion, permit withdrawal [of a guilty plea] before sentencing if the defendant can show a 'fair and just reason.'" *United States v. Powell,* 354 F.3d 362, 370 (5th Cir.2003) (citing FED. R.CRIM.P. 11(d)(2)); *see also United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir. 1984). The district court did not abuse its discretion when it denied Hollywood's motion to withdraw his guilty plea. *See Powell,* 354 F.3d at 370.

Further, Hollywood contends that the district court erred in determining the quantity of drugs attributable to him as relevant conduct. He also contends that the district court erred when it increased his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a weapon in connection with a drug-trafficking offense. Hollywood's sentence was not determined based on the drug quantity calculation or the two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1). Instead, Hollywood's sentence was determined based on his status as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, these arguments are irrelevant.

Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.